IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALONDRA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:20-CV-00113 |
| | § | |
| AMANDEEP SINGH and | § | |
| MANILA EXPRESS, | § | |
| | § | |
| Defendant. | | |

## DEFENDANTS' NOTICE OF REMOVAL

Subject to any and all Federal Rule of Civil Procedure 12(b)(6) defenses, and pursuant to sections 1441 and 1446, Title 28 of the United States Code, Amandeep Singh and Manila Express (collectively, "Defendants") respectfully file this Notice of Removal, removing Cause No. 2020DCV1103 from the First Judicial District Court, Santa Fe County, New Mexico, to the United States District Court for the Western District of Texas, El Paso Division.

### I.    Procedural Background.

On March 23, 2020, Plaintiff Alondra Garcia ("Plaintiff") filed her Original Petition ("Complaint") in the County Court at Law Number Three of El Paso County, Texas, Cause No. 2020DCV1103, *Alondra Garcia v. Amandeep Singh and Manila Express*. Ex. A, State Ct. Rec., Pl.'s Orig. Pet. (Mar. 23, 2020).

1

Based on information and belief, Plaintiff has not provided Defendants with service of process but they are in receipt of the Complaint and so this Notice of Removal is timely within the meaning of 28 U.S.C. § 1446(b)(1).

## II.  Removal Is Properly Based on Diversity Jurisdiction.

Subject matter jurisdiction, i.e. diversity jurisdiction exists pursuant to section 1332, Title 28 of the United States Code.

### A.  Citizenship of the Parties.

Plaintiff  is a citizen of El Paso County, Texas. Pl.'s Orig. Pet., at 1.

Amandeep Singh and  is a citizen of the State of California. *See id*., at 1-2 (alleging Amandeep Singh to be a California resident).

Manila Express is also a citizen of the State of Texas but not of the State of Texas. *See id*., at 1-2 (alleging Manila Express is a resident of California).

### B.  Legal Standard for Diversity Jurisdiction.

Pursuant to section 1332, the district courts have original jurisdiction of all civil actions arising between citizens of different States and citizens of a state and citizens or subjects of a foreign state, "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a)(1)-(2).

Diversity must exist at the time a lawsuit is commenced and is not lost by a party's change in citizenship. *Leavitt v. Scott*, 338 F.2d 749, 751 (10th Cir. 1964).

**C.  The amount in controversy is satisfied.**

The amount in controversy exceeds $75,000, excluding costs and interest, as required by section 1332(a). *See* Pl.'s Orig. Pet., at 6-7 (alleging property damage, personal injury, mental anguish, and past and future impairment to her body).

**III.    Proper Venue and Compliance with the Removal Procedure.**

Pursuant to section 1441(a), venue of the removed action is proper in this Court as the district embracing the place where the State action is pending.

Accordingly, AMANDEEP SINGH and MANILA EXPRESS, pursuant to and in conformity with the requirements set forth in section 1446, respectfully remove Cause No. 2020DCV1103, *Alondra Garcia v. Amandeep Singh and Manila Express*, from the County Court at Law Number Three of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By: /s/ Yosef W. Abraham
      CARLOS RINCON
      CRincon@rinconlawgroup.com
      State Bar No. 16932700
      YOSEF W. ABRAHAM
      YAbraham@rinconlawgroup.com
      State Bar No. 24110733

      Attorneys for Defendants

3

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on the parties through their counsel of record, as follows, on this 27th day of April of 2020.

Victor J. Bieganowski
Victor J. Bieganowski, P.C.
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
Phone: (915) 264-1800
vbieganowski@vjblaw.com

Attorney for Plaintiff

☐ *Via Electronic Service*
☐ *Via Facsimile Transmission*
☒ *Via E-Mail*
☐ *Via Certified Mail, RRR*
☐ *Via USPS First Class*
☐ *Via Hand Delivery*
☐ *Via Commercial Delivery Service*

/s/ Yosef W. Abraham
YOSEF W. ABRAHAM

# EXHIBIT
# "A"

# TO DEFENDANTS'
# NOTICE OF REMOVAL

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2020DCV1103

| | | | |
|---|---|---|---|
| **Alondra Garcia VS Amandeep Singh and Manila Express** | § § § § § | Case Type: | **Injury or Damage - Motor Vehicle** |
| | | Date Filed: | **03/23/2020** |
| | | Location: | **County Court at Law 3** |

---

### PARTY INFORMATION

| | | **Lead Attorneys** |
|---|---|---|
| **Defendant** | **Manila Express** | |
| **Defendant** | **Singh, Amandeep** | |
| **Plaintiff** | **Garcia, Alondra** | **VICTOR J BIEGANOWSKI** <br> *Retained* <br> 915-264-1800(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 03/23/2020 | **Original Petition (OCA)** | **Doc ID# 1** |
| 03/23/2020 | **E-File Event Original Filing** | |
| 03/23/2020 | **Request for Admissions** | **Doc ID# 3** |
| 03/23/2020 | **Interrogatories** | **Doc ID# 2** |
| 03/23/2020 | **Request for Production** | **Doc ID# 4** |
| 03/23/2020 | **Request for Admissions** | **Doc ID# 5** |
| 03/23/2020 | **Interrogatories** | **Doc ID# 6** |
| 03/23/2020 | **Request for Production** | **Doc ID# 7** |
| 03/25/2020 | **Citation** | |
| | Singh, Amandeep | Unserved |
| | Manila Express | Unserved |

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALONDRA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV- _____ |
| | § | |
| AMANDEEP SINGH, and | § | |
| MANILA EXPRESS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:** NOW COMES ALONDRA GARCIA (hereinafter referred to as "Plaintiff"), complaining of AMANDEEP SINGH (hereinafter referred to as Defendant "SINGH"), and MANILA EXPRESS (hereinafter referred to as Defendant "MANILA") and files this Original Petition and would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN LEVEL

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II. PARTIES AND SERVICE

Plaintiff, ALONDRA GARCIA, is a resident of El Paso County, Texas and is domiciled at 10731 West Burt, Socorro, Texas 79930.

Defendant, SINGH is a resident of Fresno California, doing business in the State of Texas by contracting by mail or otherwise with a Texas resident. Whereby either party is to perform the contract in whole or in part in this State, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Defendant is not required to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service

1

Unofficial Copy

of process on such non-resident. Service of process may be had in accordance with Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, SINGH at 3165 W. Shields, Fresno, CA 93722 and/or where ever he may be found.

Defendant, MANILA EXPRESS is a California corporation doing business in the State of Texas by contracting by mail or otherwise with a Texas resident. Whereby either party is to perform the contract in whole or in part in this State, by committing a tort in whole or in part in the State of Texas or by recruiting Texas residence, directly or through an intermediary located in the State of Texas, for employment inside or outside this state. Defendant is not required to designate an agent for service of process in The State of Texas, therefore, the Secretary of State is the agent for service of process on such non-resident. Service of process may be had in accordance with Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, who shall then forward a copy of this petition upon Defendant, MANILA EXPRESS at 5156 W. Brown, Fresno City, CA 93722 and/or wherever they may be found.

### III. JURISDICTION AND VENUE

1. The subject matter in controversy is within the jurisdictional limits of this court.

2. This court has jurisdiction over the parties because Plaintiff is a Texas resident.

3. Venue in EL PASO County is proper in this cause under Section 15.002(a)(l) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this County.

### IV. FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out of an occurrence on or about June 11, 2018, in El Paso County, Texas. At such time and place,

Unofficial Copy

Plaintiff was traveling on I-10 East in the right lane. Defendant, SINGH, in the course and scope of his employment with Defendant, MANILA, was driving in the same lane, rapidly approaching Plaintiff from behind. As Defendant, SINGH approached at an unsafe distance, for fear of being rear ended, Plaintiff signaled and moved into the center lane. As Plaintiff was making her left turn, suddenly and without warning, Defendant SINGH also switched into the center lane behind Plaintiff. As a result of Defendant, SINGH's speed and following too closely, he rear-ended Plaintiff's vehicle, causing the collision. As a direct and proximate result of this incident, Plaintiff suffered personal injuries and property damage.

## V. CAUSES OF ACTION

### A. NEGLIGENCE - DEFENDANT AMANDEEP SINGH

Defendant SINGH owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiffs damages were proximately caused by the negligence of Defendants, and each of them, arising from one or more of the following alternative theories of negligence:

1. Failure to yield right of way.
2. Driving reckless in violation of Tex. Transp. Code Ann. § 545.401.
3. Failure to change lanes in a safe manner.
4. Failure to use due care in operating a motor vehicle.
5. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.
6. Failure to safely apply brakes to avoid an incident.
7. Failure to turn to the left or right to avoid a collision.
8. Failure to honk and give adequate warning of the impending danger.
9. Failure to warn of his approach.
10. Failure to pay attention.
11. Failure to take proper evasive action.
12. Failure to use due care and caution under the circumstances then existing.
13. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351).

Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiffs injuries and damages.

3

Unofficial Copy

## B. NEGLIGENCE PER SE – DEFENDANT, AMANDEEP SINGH

Said collision and Plaintiff's injuries and damages were proximately caused by Defendant SINGH's violations of the laws of the State of Texas and of the United States of America constituting negligence per se. At the time of the motor vehicle collision, Defendant SINGH was operating his vehicle in violation of Texas Transportation Law. Specifically, Defendant SINGH violated the following provisions of Texas Transportation Law:

1. Unsafe driving.
2. Failure to yield the right of way.
3. Driving reckless in violation of Tex. Transp. Code Ann. § 545.401.
4. Failure to change lanes in a safe manner.
5. Failure to keep a proper lookout in violation of Tex. Transp. Code Ann §545.351.
6. Failure to safely apply brakes to avoid an incident.
7. Failure to turn left or right to avoid a collision.
8. Failure to honk and give adequate warning of the impending danger.
9. Failure to warn of his approach.
10. Failure to pay attention.
11. Failure to take proper evasive action.
12. Failure to use due care and caution under the circumstances then existing.
13. Failure to use due care in operating a motor vehicle. (Transportation Code §545.351)
14. Other acts of negligence.

Each of the above and foregoing acts or omissions, singularly or in combination, constituted negligence per se that was the actual and proximate cause of the motor vehicle collision and Plaintiff's resulting injuries and damages.

## C. RESPONDEAT SUPERIOR-DEFENDANT, MANILA EXPRESS

At all times relevant to this action, Defendant SINGH was in the course and scope of his employment and/or agency with Defendant, MANILA thereby making Defendant MANILA vicariously liable under the doctrine of *respondeat superior* for the negligent acts of Defendant SINGH described above which singularly or in combination proximately caused the motor vehicle collision and resulting injuries and damages of Plaintiff.

Plaintiff hereby asserts the theory of *respondeat superior* of Defendant MANILA and its

4

liability for the negligent and reckless conduct of Defendant SINGH and/or other employees/agents acting within the course and scope of their employment and/or agency.

Said collision and Plaintiff's damages described above were proximately caused by Defendant MANILA employee/agent's violation of the laws of the State of Texas and of the United States of America, constituting negligence and negligence per se. As a result of said incident described above that proximately caused Plaintiff's damages, Defendant MANILA and Defendant SINGH are liable to Plaintiff.

### D. NEGLIGENT HIRING, QUALIFYING, TRAINING, ENTRUSTMENT, SUPERVISION AND RETENTION – DEFENDANT, MANILA EXPRESS

At all times relevant to this action, Defendant MANILA had certain duties, including those imposed by regulations and other industry standards and practices, in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant SINGH. Defendant MANILA was negligent in failing to take reasonable steps to ensure that these duties were met. As a proximate result of their negligence, Plaintiff suffered personal injuries, arising from one or more of the following alternative theories of negligence:

1. Failing to qualify its drivers as required by the Federal Motor Carrier Safety Act;
2. That on June 11, 2018, Defendant, MANILA was negligent by entrusting the control and operation of the commercial motor vehicle, which was under its control, to Defendant, SINGH;
3. Allowing Defendant, SINGH to operate its vehicle on the public streets of El Paso County, Texas, and in particular, at the location referred to above when it knew or should have known that Defendant, SINGH was unfit and unskilled to operate the vehicle.
4. Failing to properly train, supervise and educate its drivers;
5. Failing to properly screen its applicants for driver certification;
6. Failing to comply with the U.S. Department of Transportation rules and regulations for commercial drivers in permitting Defendant, SINGH to drive;
7. Failing to establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles;
8. Failure to adequately communicate orders, instructions and directions;
9. Failure to qualify its drivers in accordance with the Federal Motors Carriers Safety Act;
10. Other acts of negligence that may be established through discovery in the case.

Unofficial Copy

Each of the above and foregoing acts or omissions, singularly or in combination, constituted negligence per se that was the actual and proximate cause of the motor vehicle collision and Plaintiff's resulting injuries and damages.

## VI. DAMAGES

As a direct and proximate result of the occurrence, Plaintiff suffered bodily injuries and property damage. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, medical attention, and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs. As a result of the occurrence, Plaintiff was prevented from performing her household duties and will continue to be unable to perform her household duties in the future.

Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a further result of the occurrence, Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to her body. Plaintiff has suffered damages within the jurisdictional limits of this Court.

## VII. DAMAGES TO PERSONAL PROPERTY

Plaintiff would show that as a direct and proximate result of Defendants' negligence, and each of them, Plaintiff's vehicle was damaged. Plaintiff seeks compensation for her property damage, as well as compensation for the loss of use of her vehicle and compensation for the

Unofficial Copy

diminished value of her vehicle.

## VIII. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty-one (51) days of the service of this request.

## IX. PRAYER

Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer, and that on final trial, Plaintiff has judgment against Defendants for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

## PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**

By:

**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
801 Myrtle Ave., Ste. 100
El Paso, Texas 79901
T: (915) 264-1800
F: (915) 759-4007
vbieganowski@vjblaw.net
*Attorney for Plaintiff, Alondra Garcia*

7

Filed 3/23/2020 1:10 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1103

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALONDRA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV- _____ |
| | § | |
| AMANDEEP SINGH, and | § | |
| MANILA EXPRESS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND PRIVELEGE LOG

TO:   **AMANDEEP SINGH**

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rule of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

1

Unofficial Copy

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**

By: _____
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
801 Myrtle Ave., Ste. 100
El Paso, Texas 79901
T: (915) 264-1800
F: (915) 759-4007
vbieganowski@vjblaw.net
*Attorney for Plaintiff, Alondra Garcia*

2

## INTERROGATORIES

**INTERROGATORY NO. 1:**     State your full name, address, telephone number, cell phone number, cellular provider at the time of the incident, date and place of birth, and social security number.

**ANSWER:**

**INTERROGATORY NO. 2:**     Were you in the course and scope of employment at the time of the occurrence? Please provide the name of your Employer and their contact information.

**ANSWER:**

**INTERROGATORY NO. 3:**     On the date of the incident, describe in detail the vehicle you were driving.  If you will, please include information on ownership and any condition in the vehicle which caused this incident.  State the name, address and phone number of any person who examined the vehicle for damages arising from this incident.

**ANSWER:**

**INTERROGATORY NO. 4:**     Identify each address where you have lived in the past ten years and provide the dates when you lived at each address.

**ANSWER:**

**INTERROGATORY NO. 5:**     If you have been arrested, charged, warned and/or cited for any violation of any ordinance, law and/or regulation in the past ten years, for each violation identify the charge, jurisdiction, date, and disposition. This includes all traffic violations, licensing violations, vehicle and/or driver inspection violations, and all violations of any criminal code and law.

**ANSWER:**

**INTERROGATORY NO. 6:**     If you have been convicted of any felony or misdemeanor within the last ten (10) years, please provide the following information:
   (a)     The offense(s) for which you were convicted.
   (b)     The state(s) and date(s) of any such conviction(s).
   (c)     A description of any sentence(s) or punishment served (this includes restitution, probation, etc.).

**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

**ANSWER:**

3

**INTERROGATORY NO. 7:**     Did you give a statement to anyone regarding the incident and if so, indicate the name, address and telephone number of the person to whom you gave the statement, contents of the statement, and if you gave more than one statement, give the same information regarding each statement.

**ANSWER:**

**INTERROGATORY NO. 8:**     Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the collision in question and/or any person or vehicle involved in the collision in question.

**ANSWER:**

**INTERROGATORY NO. 9:**     With respect to the trip that you were on at the time of the collision in question, provide the following information:
   a) Where you came from prior to this incident;
   b) The purpose of your trip at the time of the collision in question;
   c) Your next planned destination at the time of the collision in question;
   d) Identify the route you intended to follow from the point of origin to the point of destination.

**ANSWER:**

**INTERROGATORY NO. 10:**     Describe in detail any insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and whether such policy was in effect and paid at the time of the incident.  If you will do so without a request to produce, please include a copy of the insurance policy and proof of payment.

**ANSWER:**

**INTERROGATORY NO. 11:**     State the names, addresses and phone numbers of all persons who you will call to testify and a summary of their testimony.

**ANSWER:**

**INTERROGATORY NO. 12:**     Please state any restrictions that are placed on your ability to drive (e.g. corrective lenses).

**ANSWER:**

**INTERROGATORY NO. 13:**     Identify each school you have attended starting with high school and provide the dates you attended and whether or not you graduated.

**ANSWER:**

4

**INTERROGATORY NO. 14:**         For each communication device (cell phone, text message device, e-mail device, etc.) that was in the vehicle you were operating on the day of the collision in question, explain whether or not it was in use at any time in the hour preceding the collision in question and identify the service provider, account number, phone number and owner.

**ANSWER:**

**INTERROGATORY NO. 15:**         Do you accept responsibility for causing the collision in question?  Explain why or why not.

**ANSWER:**

**INTERROGATORY NO. 16:**         State the names of anyone you know who came to the scene of this incident.

**ANSWER:**

**INTERROGATORY NO. 17:**         If you were injured in this incident, provide a list of all medical providers seen by you for your injuries.

**ANSWER:**

**INTERROGATORY NO. 18:**         Describe in detail the incident and each act or omission of each person in the incident. Please direct your attention to the following details in answering this Interrogatory:

a) Please state everything that you did, in the order in which it was done, in an attempt to avoid the incident. If you applied the brakes or horn at any time prior to the incident, please state as to your motor vehicle, the speed and the approximate distance in feet from the point of the incident when you so applied the brakes or horn, stating what was used. If there were any tire marks or any other marks on the road as a result of the incident, kindly describe the marks in detail giving the length and location of the road surface and identify which motor vehicle caused each mark.

b) Please state everything Plaintiff did or failed to do, which contributed to the incident.

c) If there were any obstructions to the view of Plaintiff at or near the scene of the incident, please describe each obstruction in detail, giving its location with relation to the incident.

d) If at the time and place of the incident the visibility of the road was limited or decreased from normal in any way due to glare, design, obstacles, speed, weather or other condition, please describe in complete detail each and every such condition and every action taken to overcome or diminish the adverse effect of each such condition.

e) If there were any traffic controls, speed limit signs, signals, lights or other devices located at or near the place of the incident which were in any way involved in the happening of the incident, please describe such control or device indicating the direction of traffic controlled by such device and the manner in which it was involved in the incident.

**ANSWER:**

Unofficial Copy

Filed 3/23/2020 1:10 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1103

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALONDRA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV-_____ |
| | § | |
| AMANDEEP SINGH, and | § | |
| MANILA EXPRESS, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG

**TO:** **AMANDEEP SINGH**

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore, pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m.** **FIFTY-ONE (51) DAYS AFTER SERVICE AT: VICTOR J. BIEGANOWSKI P.C.,** 801 Myrtle Avenue, Ste. 100. El Paso, Texas 79901. (915) 264-1800

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

1

Unofficial Copy

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections,** is waived unless the court excuses the waiver for good cause shown.

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

Unofficial Copy

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**

By: _____

**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
801 Myrtle Ave., Ste. 100
El Paso, Texas 79901
T: (915) 264-1800
F: (915) 759-4007
vbieganowski@vjblaw.net
*Attorney for Plaintiff, Alondra Garcia*

3

Unofficial Copy

## ITEMS TO BE PRODUCED

**REQUEST NO. 1:**   A copy of each document relied upon by you in any way in responding to Plaintiff's First Set of Interrogatories to AMANDEEP SINGH.

**RESPONSE:**

**REQUEST NO. 2:**   A copy of each insurance policy (and declarations page for each policy) that provides or may provide coverage for damages sustained in the collision in question.

**RESPONSE:**

**REQUEST NO. 3:**   Copies of all reservation of rights letters and/or agreements regarding insurance coverage for the collision in question.

**RESPONSE:**

**REQUEST NO. 4:**   Copies of all citations, warnings, out of service orders and other documents alleging that you violated any law, ordinance and/or regulation in the last five years.

**RESPONSE:**

**REQUEST NO. 5:**   A copy of all documents relating in any way to any motor vehicle collision and/or accident of any kind in which you were involved in the past five years.

**RESPONSE:**

**REQUEST NO. 6:**   For each communication device (e.g., cell phones, PDAs, smartphones, texting and e-mailing devices, etc.) that was in the vehicle that you were operating at the time of the collision in question, produce all documents reflecting usage and billing for the time period beginning 48 hours before the collision in question and ending 48 hours after the collision in question.  This includes all devices, whether owned by you or not, and whether it was in use at the time of the collision in question or not.

**RESPONSE:**

**REQUEST NO. 7:**   Copies of all of your medical treatment records related to any and all medical treatment for any injuries sustained by you in/during the collision in question.

**RESPONSE:**

**REQUEST NO. 8:**   All correspondence and other communications of any kind between you and any third-party relating to the collision in question.

**RESPONSE:**

4

Unofficial Copy

**REQUEST NO. 9:**   Produce all documents given to any person or entity, including any insurance company in return for payment in whole or in part for property damage, e.g., loan receipt(s), release(s), assignment(s), etc.

**RESPONSE:**

**REQUEST NO. 10:**   Copies of all documents in your possession, custody and/or control relating in any way to the collision in question.

**RESPONSE:**

**REQUEST NO. 11:**   Copies of all documents sent by you to any person or entity (other than your attorney(s)), regarding the collision in question and/or describing the collision in question.

**RESPONSE:**

**REQUEST NO. 12:**   All documents that set forth any facts leading up to the collision in question.

**RESPONSE:**

**REQUEST NO. 13:**   Produce a copy of the front and back of your driver's license.

**RESPONSE:**

**REQUEST NO. 14:**   Copies of all photographs, video, computer simulations, and any other documents depicting:
a. Any vehicle involved in the collision in question;
b. Any person involved in the collision in question;
c. The scene of the collision in question; and/or
d. Any evidence (roadway markings or other) relevant to the collision in question.

**RESPONSE:**

**REQUEST NO. 15:**   Copies of all reports relating to this incident in your possession custody and/or control.

**RESPONSE:**

**REQUEST NO. 16:**   A copy of all correspondence and other communications (including e-mail) that you have had with any person other than your lawyer involving the collision in question.

**RESPONSE:**

Unofficial Copy

**REQUEST NO. 17:**  All tapes and transcripts of conversations, interviews, statements, etc. of any witness, party or any other entity whatsoever regarding any aspect of the collision in question, the injuries or damages resulting therefrom, or this lawsuit.

**RESPONSE:**

**REQUEST NO. 18:**  With respect to each expert witness who may provide testimony at the trial of this case, provide:
   a.  A copy of all documents (as that term is defined above) and items of any kind
   b.  produced **to** said expert;
   c.  A copy of all documents (as that term is defined above) and items of any kind
   d.  generated or produced **by** said expert;
   e.  A copy of the entire file of said expert;
   f.  A current résumé or curriculum vitae for said expert; and
   g.  All billing records and work logs for said expert.

**RESPONSE:**

**REQUEST NO. 19:**  A copy of any and all documents and other materials which support any contention that the collision in question was the fault of anyone other than you.

**RESPONSE:**

**REQUEST NO. 20:**  Copies of all diagrams, graphs, illustrations, photographs, charts, pictures, models, blow-ups, or any other document or thing, including electronically created charts, animations, or data that you intend to utilize as an exhibit, demonstrative exhibit, or aid in the trial of this case not previously supplied.

**RESPONSE:**

**REQUEST NO. 21:**  Produce any document or thing that you contend is evidence, proof, or support of your claims on any issue of negligence or causation as to the collision in question, including but not limited to admissions of fault, engineering analysis, scientific tests, and official or unofficial reports.

**RESPONSE:**

**REQUEST NO. 22:**  Produce any document or thing that you contend evidences or supports your denial of any of Plaintiff's Requests for Admissions.

**RESPONSE:**

**REQUEST NO. 23:**  If any surveillance has been undertaken by or on behalf of you, produce a copy of all reports, photographs, video and anything else generated through that investigation.

6

**RESPONSE:**

**REQUEST NO. 24:** Copies of any and all documents from any and all claims and/or lawsuits filed against you which arise from this incident involving any and all of the parties involved in this lawsuit. This should include any and all pleadings, discovery, requests, answers and depositions.

**RESPONSE:**

**REQUEST NO. 25:** Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**RESPONSE:**

**REQUEST NO. 26:** Produce copies of any statements given by you to any person or company regarding the facts of this incident.

**RESPONSE:**

**REQUEST NO. 27:** Produce copies of any and all damage appraisals and/or automobile repairs for any and/or all of the vehicles involved in this incident.

**RESPONSE:**

**REQUEST NO. 28:** Copies of any property damage checks paid by any company for damages sustained by any and/or all of the vehicles involved in this incident.

**RESPONSE:**

**REQUEST NO. 29:** Copies of any and all medical records and bills for any injuries you sustained in this incident.

**RESPONSE:**

**REQUEST NO. 30:** A complete copy of your personnel file, including but not limited to, job applications, disciplinary documents, FMCSA documents, personnel policies of Defendant Power Road, Inc., FMCSA violations and DOT physical reports.

**RESPONSE:**

Unofficial Copy

**REQUEST NO. 31:  RESPONSE:** Copies of your driver logs from one week prior to this accident to one week after this incident.

**RESPONSE:**


**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

Unofficial Copy

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

ALONDRA GARCIA,                          §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §        Cause No. 2020-DCV- _____
                                         §
AMANDEEP SINGH, and                      §
MANILA EXPRESS,                          §
                                         §
        Defendants.                      §

## REQUEST FOR ADMISSIONS

TO:    **AMANDEEP SINGH**

Pursuant to the Texas Rule of Civil Procedure 198, you are required to make a written response to these requests **FIFTY-ONE (51) DAYS** after service:

(1)    Admit the truth of any matter within the scope of discovery.

(2)    Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3)    Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4)    Admit or deny each of the attached requests for admissions.

**You are also instructed as follows:**

(1)    Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2)    Your response must fairly meet the substance of the request.

(3)    You may qualify an answer, or deny a request in part, only when good faith requires.

1

Unofficial Copy

(4)  Lack of information or knowledge is not a proper response unless you state that a reasonable inquiry was made but that the information or known or easily obtainable is insufficient to enable the responding party to admit or deny.

(5)  An assertion that the request presents an issue for trial is not a proper response.

(6)  You are reminded that if you fail to timely respond, the request is considered admitted without the necessity of a court order.

(7)  If you deny a request for admission and the Plaintiff proves the truth of such matter you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

(8)  Your failure to respond as required by the Texas Rules of Civil Procedure to these requests within the time required may result in the imposition of sanctions.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put on notice that Pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless the court excuses the waiver for good cause shown.

Respectfully submitted,

VICTOR J. BIEGANOWSKI, P.C.

By: _____

VICTOR J. BIEGANOWSKI
State Bar No. 02301100
801 Myrtle Ave., Ste. 100
El Paso, Texas 79901
T: (915) 264-1800
F: (915) 759-4007
vbieganowski@vjblaw.net
*Attorney for Plaintiff, Alondra Garcia*

2

## REQUEST FOR ADMISSIONS

**ADMISSION NO. 1:**      Admit or Deny that on or about June 11, 2018, you were involved in a vehicle collision.

**ANSWER:**

**ADMISSION NO. 2:**      Admit or Deny that on or about June 11, 2018, and at the time of the collision made the basis of this suit, you were negligent in causing injury to Plaintiff.

**ANSWER:**

**ADMISSION NO. 3:**      Admit or Deny that on or about June 11, 2018, and at the time of the collision made the basis of this suit, there were no obstructions to your vision.

**ANSWER:**

**ADMISSION NO. 4:**      Admit or Deny that on or about June 11, 2018, and at the time of the collision made the basis of this suit, you were driving Eastbound on Interstate-10 in El Paso County, Texas.

**ANSWER:**

**ADMISSION NO. 5:**      Admit or Deny that on or about June 11, 2018, and at the time of the collision made the basis of this suit, you did not see Plaintiff's vehicle immediately prior to this incident.

**ANSWER:**

**ADMISSION NO. 6:**      Admit or Deny that on or about June 11, 2018, and at the time of the collision made the basis of this suit that Plaintiff's conduct did not contribute to this incident.

**ANSWER:**

**ADMISSION NO. 7:**      Admit or Deny that Plaintiff properly named Defendant AMANDEEP SINGH in Plaintiff's Original Petition.

**ANSWER:**

**ADMISSION NO. 8:**      Admit or Deny that, at the time of the collision, you did not own the vehicle you were driving involved in the collision.

**ANSWER:**

**ADMISSION NO. 9:**      Admit or Deny that on the date of the collision, you had a valid driver's license.

3

**ANSWER:**

**ADMISSION NO. 10:**    Admit or Deny that, on the date of the collision, your driver's license was revoked or suspended.

**ANSWER:**

**ADMISSION NO. 11:**    Admit or Deny that, on the date of the collision you were not violating a restriction placed on your driver's license.

**ANSWER:**

**ADMISSION NO. 12:**    Admit or Deny that the condition of the road surface did not contribute to the cause of the collision.

**ANSWER:**

**ADMISSION NO. 13:**    Admit or Deny that the lighting conditions did not contribute to the cause of the collision.

**ANSWER:**

**ADMISSION NO. 14:**    Admit or Deny that the weather conditions did not contribute to the cause of the collision.

**ANSWER:**

**ADMISSION NO. 15:**    Admit or Deny that you were using a cellular telephone at the time of the incident.

**ANSWER:**

**ADMISSION NO. 16:**    Admit or Deny that you do not contend the collision was unavoidable.

**ANSWER:**

**ADMISSION NO. 17:**    Admit or Deny that you have normal vision without the use of corrective lenses.

**ANSWER:**

**ADMISSION NO. 18:**    Admit or Deny that you were not wearing corrective lenses at the time of the collision.

**ANSWER:**

4

**ADMISSION NO. 19:**     Admit or Deny that you were under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

**ANSWER:**

**ADMISSION NO. 20:**     Admit or Deny that you were acting as an agent for another person or entity at the time of the collision.

**ANSWER:**

**ADMISSION NO. 21:**     Admit or Deny that you were not injured as a result of the collision.

**ANSWER:**

**ADMISSION NO. 22:**     Admit or Deny that Plaintiff incurred reasonable medical bills for the necessary medical treatment of Plaintiff for the injuries she suffered as a result of the collision in question.

**ANSWER:**

**ADMISSION NO. 23:**     Admit or Deny that you were a proximate cause of this incident.

**ANSWER:**

**ADMISSION NO. 24:**     Admit or Deny that you were in the course and scope of your employment with Defendant, MANILA EXPRESS at the time of this incident.

**ANSWER:**

5

Filed 3/23/2020 1:10 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1103

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

ALONDRA GARCIA,                         §
                                        §
        Plaintiff,                      §
                                        §
v.                                      §        Cause No. 2020-DCV- _____
                                        §
AMANDEEP SINGH, and                     §
MANILA EXPRESS,                         §
                                        §
        Defendants.                     §

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT AND PRIVILEGE LOG

**TO:   DEFENDANT, MANILA EXPRESS**

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rule of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure.  Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

1

Unofficial Copy

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections** is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By: _____

**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Ronald Miner*

2

## INTERROGATORIES

**INTERROGATORY NO. 1:**        If you contend that Plaintiff has sued the wrong party or that your name is incorrectly stated in this lawsuit, please explain the basis for your contention and identify the correct legal entity for the correct party in interest to this suit.

**ANSWER:**

**INTERROGATORY NO. 2:**        Identify the following people: (a) The Safety Director/Chief Safety Officer or any person(s) of similar title(s) for MANILA on the date of the collision in question and now; (b) The person(s) primarily responsible for compliance with state and federal safety regulations at MANILA  on the date of the collision in question and now; (c) The person(s) responsible for training Defendant, SINGH; and (d) SINGH's supervisor and manager on the date of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 3:**        Describe what efforts Defendant undertook prior to authorizing, permitting and/or entrusting a vehicle to Defendant's driver on the date of the collision to ascertain the capability, competence, driving record, driving education, criminal record, drug and/or alcohol condition, training in the use of Defendant's vehicle, and the mental, physical and emotional condition of Defendant's driver.

**ANSWER:**

**INTERROGATORY NO. 4:**        With Respect to Defendant, SINGH, provide the following information:
   a. Explain the relationship between MANILA and SINGH at the time of the collision in question (e.g., leased driver, company driver, etc.);
   b. Explain how SINGH was paid for roadside maintenance (by hour, by incident, salary or other);
   c. Identify when MANILA's relationship with SINGH began and ended.

**ANSWER:**

**INTERROGATORY NO. 5:**        Was Defendant, SINGH acting within the course and scope of his employment with you at the time of the collision in question?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

**ANSWER:**

**INTERROGATORY NO. 6:**        Was Defendant, SINGH acting as an agent for you at the time of the collision in question?  If not, explain the basis for your contention and identify documents and witnesses that support your contention.

3

Unofficial Copy

**ANSWER:**

**INTERROGATORY NO. 7:**      State the name, address, and phone number of any person who investigated this incident and the report, result, determination thereof. If you will do so without a request to produce, please produce copies of any reports and pictures.

**ANSWER:**

**INTERROGATORY NO. 8:**      Identify all photographs, motion pictures, maps, plats, drawings, diagrams, videotapes, or other tangible or documentary evidence depicting the scene of the collision in question and/or any person or vehicle involved in the collision in question.

**ANSWER:**

**INTERROGATORY NO. 9:**      With respect to the vehicle operated by Defendant, SINGH at the time of the collision in question, provide the following information:
   a. Identify the registered owner, lessor (if any) and lessee (if any) on the date of the collision in question and presently.
   b. Provide the mileage and gross weight at the time of the collision in question;
   c. For the engine, identify the manufacturer, year, model and identification number;
   d. Identify all systems and devices in/on the vehicle that have the capability of recording and or transmitting any data about the operation of the vehicle (including without limitation Engine Control Module, Event Data Recorder, Airbag Control Module, Brake Control Module, Electronic On-Board Recorder, VORAD, etc.), state whether or not that data has been preserved and/or downloaded, and if so, when and by whom.
   e. Identify all systems and devices of any kind in or on the vehicle that allowed for communication between the driver and any other person or entity, state whether the data for the time period surrounding the collision in question has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.
   f. Identify all systems and devices of any kind in or on the vehicle that has the capability to monitor, record, and/or transmit data (this includes, but is not limited to, Qualcomm, TransCore, SkyBitz, Fluensee, Fleetilla, Teletrac, Lat-Lon, Telogis, GeoLogic, Cheetah, Xata, PeopleNet or similar system; any collision or lane departure warning system; any driver safety monitoring or hours of service monitoring system;  any transponders or tachographs; any onboard cameras or video devices; any bar code or toll pass systems; and any other tracking system, logging unit, trip monitor, trip recorder, GPS system, satellite systems, or cellular systems), state whether the data for the time period surrounding the collision in question has been preserved, and identify the person who has custody of the data and of the system from which the data was acquired.

**ANSWER:**

**INTERROGATORY NO. 10:**      Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by MANILA regarding Defendant, SINGH withing the past ten (10) years preceding the incident.

4

**ANSWER:**

**INTERROGATORY NO. 11:**        Describe in detail any citation, arrest, claim or other charge that may have been issued to you or the Defendant driver at any time as a result of this incident, including grounds for same and the result of any hearing or judgement on the same, the date of such hearing or judgement and any fine, sentence or other penalty.

**ANSWER:**

**INTERROGATORY NO. 12:**        Describe in detail any other accidents, collisions, license suspension or revocation, disqualifications, or traffic citations Defendant SINGH has received within the past ten (10) years. Include the dates, location, name, parties, witnesses, nature and extent of damages, hearings, lawsuits, orders, fines, penalties, judgements or convictions arising therefrom, including the details of the driver's license suspension or revocation actions, if any.

**ANSWER:**

**INTERROGATORY NO. 13:**        If you maintain that any non-party has any responsibility of any kind for causing the collision in question, and/or for causing any of the damages alleged in the Complaint, identify each such person and or entity, describe in detail the basis for their responsibility and identify all person(s) who have any knowledge regarding this issue.

**ANSWER:**

**INTERROGATORY NO. 14:**        Identify all MANILA' policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for Defendant, SINGH at the time of the collision in question.

**ANSWER:**

**INTERROGATORY NO. 15:**        Identify all persons who to your knowledge were present at the scene of the collision in question at any time in the 48 hours after the collision and explain their role, why they were at the scene and what actions they took.

**ANSWER:**

**INTERROGATORY NO. 16:**        Identify all person(s) who you to your knowledge have or may have any relevant information regarding: the collision in question; the facts leading up to the collision in question; the investigation of the collision in question; any party to this action; any vehicles involved in the collision in question; and/or any claims or defenses raised in this action. The purpose of this Interrogatory is to identify all witnesses whom MANILA believes may have relevant testimony of any kind in connection with this case.

**ANSWER:**

5

**INTERROGATORY NO. 17:**      Identify all persons who to your knowledge have given a statement **in any form** (written, oral, recorded or otherwise) in connection with this case.  For each person identified, provide the date and time of the statement, identify to whom the statement was made and who was present when the statement was made, identify whether the statement was written, oral, recorded, and/or transcribed, and identify all persons presently having custody of the statement.

**ANSWER:**

**INTERROGATORY NO. 18:**      Please state whether any drug and/or alcohol tests (blood, urine or otherwise) performed on Defendant, SINGH after the collision in question occurred.  If so, please state the time at which the test was administered, the name, address and phone number of the persons, firms, or entities who administered said test(s) and all such persons, firms, or entities in possession of a copy of the results of said test(s).

**ANSWER:**

**INTERROGATORY NO. 19:**      For each insurance policy of any kind that does or may provide any coverage on behalf of any Defendant (whether it is your policy or anyone else's policy) for damages/injuries alleged in this case, provide: name of insurer; policy number; limits of coverage; the name(s) of all insureds; and state whether any insurer has offered a defense under a reservation of rights or otherwise contested coverage for the subject case.

**ANSWER:**

**INTERROGATORY NO. 20:**      As to any tests, inspections, measurements and/or investigations performed by or on behalf of MANILA, or of which you are at all aware regarding in any way the collision in question and/or any other matter raised in this case, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), purpose(s), methodologies and conclusions of each.

**ANSWER:**

**INTERROGATORY NO. 21:**      If anyone working for or on behalf of MANILA has engaged in any surveillance of Plaintiff or anyone associated with Plaintiff, identify who performed the surveillance, the dates of the surveillance, and what documents and things were generated as a result of the surveillance.

**ANSWER:**

6

Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1103

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALONDRA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV-_____ |
| | § | |
| AMANDEEP SINGH, and | § | |
| MANILA EXPRESS, | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG

**TO:    DEFENDANT, MANILA EXPRESS**

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore, pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m. FIFTY-ONE (51) DAYS AFTER SERVICE AT: VICTOR J. BIEGANOWSKI P.C.,** 801 Myrtle Ave. Suite 100, El Paso, Texas 79901.

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted. Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3(c).

1

Unofficial Copy

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections,** is waived unless the court excuses the waiver for good cause shown.

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

Unofficial Copy

**PRIVILEGE LOG -** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiffs requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done FIFTY-ONE (51) days after date hereof.

**NOTE:   For each separately numbered request below please delineate each set of documents so that it can be easily ascertained which documents relate to which numbered request.**

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**
801 Myrtle Ave., Suite 100
El Paso, Texas 79901
T: 915-264-1800
F: 915-759-4007
vbieganowski@vjblaw.net

By:    _____
**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
*Attorney for Plaintiff, Alondra Garcia*

3

Unofficial Copy

## REQUEST FOR PRODUCTION

**REQUEST NO. 1:**   Any employment agreement, contract or agreement regarding your relationship with AMANDEEP SINGH.

**RESPONSE:**

**REQUEST NO. 2:**   Complete DOT file and investigation on this incident, including all statements and photographs concerning the incident in question.

**RESPONSE:**

**REQUEST NO. 3:**   A copy of each document retention policy in effect for MANILA at any time between the time of the collision in question and present.

**RESPONSE:**

**REQUEST NO. 4:**   All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to a notice of claim by Plaintiff.

**RESPONSE:**

**REQUEST NO. 5:**   Entire file on your property damage insurance claim for your vehicle involved in this collision.

**RESPONSE:**

**REQUEST NO. 6:**   Driver Qualification file maintained on AMANDEEP SINGH as required by Federal Motor Carrier Regulations Part 391.51.

**RESPONSE:**

**REQUEST NO. 7:**   Complete Personnel file maintained on AMANDEEP SINGH.

**RESPONSE:**

**REQUEST NO. 8:**   Complete driver duty status file on AMANDEEP SINGH.

**RESPONSE:**

**REQUEST NO. 9:**   Employment application of AMANDEEP SINGH in compliance with Federal Motor Carrier Regulations Part 391.21.

4

Unofficial Copy

**RESPONSE:**

**REQUEST NO. 10:**   Copies of AMANDEEP SINGH's driver record(s) obtained in response to inquiries to each State driver record agency required by Federal Motor carrier Regulations Part 391.23(a)(1) and placed in AMANDEEP SINGH's driver qualification file.

**RESPONSE:**

**REQUEST NO. 11:**   Copies of all documents evidencing this Defendant's investigation into AMANDEEP SINGH's prior employers.

**RESPONSE:**

**REQUEST NO. 12:**   Copies of all documents evidencing this Defendant's investigation of AMANDEEP SINGH's safety performance history with Department of Transportation regulated employers during the preceding three years of when AMANDEEP SINGH commenced employment with this Defendant in compliance with Federal Motor Carrier Regulations Part 397.2(1)(2).

**RESPONSE:**

**REQUEST NO. 13:**   All documents evidencing annual inquiry and reviews of AMANDEEP SINGH's driving record in compliance with Federal Motor Carrier Regulations Part 391.25.

**RESPONSE:**

**REQUEST NO. 14:**   All Driver's Certifications of Records of Violations kept for AMANDEEP SINGH in compliance with Federal Motor Carrier Regulations Part 391.27.

**RESPONSE:**

**REQUEST NO. 15:**   All "Certification of Road Test" documents or substantially similar documents evidence and all road tests given to AMANDEEP SINGH prior to being allowed to drive for this Defendant in compliance with Federal Motor Carrier Regulations Part 391.31.

**RESPONSE:**

**REQUEST NO. 16:**   Any written tests of Defendant's driver AMANDEEP SINGH.

**RESPONSE:**

**REQUEST NO. 17:**   Copy of AMANDEEP SINGH's Commercial Driver's License.

**RESPONSE:**

Unofficial Copy

**REQUEST NO. 18:**  Copy of AMANDEEP SINGH's Medical Examiner's Certificate qualifying AMANDEEP SINGH to operate a commercial motor vehicle during the time of this incident.

**RESPONSE:**

**REQUEST NO. 19:**  Copy of all pre and post-accident drug tests for AMANDEEP SINGH.

**RESPONSE:**

**REQUEST NO. 20:**  Copy of all pre and post-accident alcohol tests for AMANDEEP SINGH.

**RESPONSE:**

**REQUEST NO. 21:**  Copy of all DAC reports received for AMANDEEP SINGH prior to allowing him to drive your commercial motor vehicle.

**RESPONSE:**

**REQUEST NO. 22:**  Work history of AMANDEEP SINGH November 16, 2016 to the date of this incident in question, including payroll records, mileage reports, loads and trips.

**RESPONSE:**

**REQUEST NO. 23:**  Time records and driving log of AMANDEEP SINGH for the 8 weeks preceding and including date of collision.

**RESPONSE:**

**REQUEST NO. 24:**  Copy of the driver investigation history file on AMANDEEP SINGH in compliance with Federal Motor Carrier Regulations Part 391.53.

**RESPONSE:**

**REQUEST NO. 25:**  Gas receipt records for 8 weeks preceding and including the date of collision.

**RESPONSE:**

**REQUEST NO. 26:**  Cell phone records and cell phone of AMANDEEP SINGH from November 16, 2018 up to the date of this incident.

**RESPONSE:**

Unofficial Copy

**REQUEST NO. 27:**  Any contract, agreement, franchise agreement or other tangible items involving your relationship between AMANDEEP SINGH and any related MANILA VRP entity.

**RESPONSE:**

**REQUEST NO. 28:**  Any safety inspection checklist of the equipment in question.

**RESPONSE:**

**REQUEST NO. 29:**  Any safety meeting minutes showing AMANDEEP SINGH attended a safety meeting.

**RESPONSE:**

**REQUEST NO. 30:**  Any video tapes, movies, pictures, photographs or other tangible evidence depicting scenes, the incidents or locations made the subject of this suit.

**RESPONSE:**

**REQUEST NO. 31:**  All maintenance reports, accident reports, claims, repair or replacement information (including all details, contracts, plans, specifications and other documents) and other recorded written information concerning or involving your vehicle made the subject of this suit, including all files required to be kept under the FMCSR.

**RESPONSE:**

**REQUEST NO. 32:**  Any and all reports, notes, resumes, pictures, statements or other written materials of any kind from any expert witness who you or your attorney may call or testify in this case.

**RESPONSE:**

**REQUEST NO. 33:**  Inspection and photographing of the vehicle operated by your driver made the subject of the suit.

**RESPONSE:**

**REQUEST NO. 34:**  All rules, regulations, and standards (including federal, state, governmental, contractual and company) relating to the vehicle and driver.

**RESPONSE:**

7

**REQUEST NO. 35:**  All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the job, the equipment, DOT notices and safety violations for the vehicle and persons in question.

**RESPONSE:**

**REQUEST NO. 36:**  The accident report or investigations report and statements made of the incident in question made prior to notice of Plaintiff's claim against you.

**RESPONSE:**

**REQUEST NO. 37:**  Any correspondence, memorandum or reports from any other person concerning the occurrence or injury involving Plaintiff.

**RESPONSE:**

**REQUEST NO. 38:**  Any statement, report, correspondence or records made by Defendant, Plaintiff or any other Defendant (other than this Defendant), its employees, agents or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

**RESPONSE:**

**REQUEST NO. 39:**  All physical models and all other exhibits which may be used at trail by any witness, either expert or lay.

**RESPONSE:**

**REQUEST NO. 40:**  Any and all photographs, movies, electronic or video tape recordings or other representations which propose to depict any of the following: the scenes of the occurrence; the location made the basis of this suit; the equipment; the Plaintiff; or re-creation of the incidents or any part thereof.

**RESPONSE:**

**REQUEST NO. 41:**  Copies of your commercial license DOT permit issued by any state or governmental entity in effect at the time of this incident.

**RESPONSE:**

**REQUEST NO. 42:**  Any operator manual or handbook for your drivers.

**RESPONSE:**

Unofficial Copy

**REQUEST NO. 43:**  All safety manuals for the job in question.

**RESPONSE:**

**REQUEST NO. 44:**  Bills of lading, trip records, invoices and loan documents and descriptions and any contracts therein for the trip in question.

**RESPONSE:**

**REQUEST NO. 45:**  Dispatcher's records concerning the trip in question any report of accident.

**RESPONSE:**

**REQUEST NO. 46:**  Any report to the State of Texas, ICC or DOT concerning this incident.

**RESPONSE:**

**REQUEST NO. 47:**  A copy of the title to the vehicle being driven by AMANDEEP SINGH at the time in question.

**RESPONSE:**

**REQUEST NO. 48:**  Any and all documents reflecting any disciplinary action for this incident taken against this Defendant or AMANDEEP SINGH by any governmental agency.

**RESPONSE:**

**REQUEST NO. 49:**  Copy of your application for operating authority (Form OP-1 or OP-2)

**RESPONSE:**

**REQUEST NO. 50:**  Copy of your completed Motor Carrier Identification Report, Form MCS-150 filed with the FMCSA's Office of Data Analysis and Information Systems in compliance with Federal Motor Carrier Regulations Part 390.19.

**RESPONSE:**

**REQUEST NO. 51:**  Copy of your completed Safety Certification for Application for U.S. DOT Number, Form MCS-150A filed with the U.S. Department of Transportation Federal Motor Carrier Safety Administration

**RESPONSE:**

9

**REQUEST NO. 52:**  The Declaration Sheet and policy of insurance insuring Defendant in this case, including trailer in insurance coverage, together with any reservation of rights, declining of coverage and all excess/umbrella policies.

**RESPONSE:**

**REQUEST NO. 53:**  All statements made by any person involving this claim (except attorneys).

**RESPONSE:**

**REQUEST NO. 54:**  All estimates, work orders, salvage estimates, maintenance records and pictures of the vehicles involved in the collision made the subject of this suit.

**RESPONSE:**

**REQUEST NO. 55:**  Any suspensions, revocations, or notice thereof, and all related documents concerning AMANDEEP SINGH's license to operate motor vehicles.

**RESPONSE:**

**REQUEST NO. 56:**  A copy of any survey or plat made of the collision scene.

**RESPONSE:**

**REQUEST NO. 57:**  Any documents showing the acts or omissions of any party responsible in any way for the injuries to Plaintiff.

**RESPONSE:**

**REQUEST NO. 58:**  Pursuant to Texas Rules of Evidence 609, please provide any information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or ne which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**RESPONSE:**

**REQUEST NO. 59:**  Qualcom, People net or similar electronic records on this truck for a period beginning 30 days prior to, up to and including the date of this incident.

**RESPONSE:**

**REQUEST NO. 60:** Load records on this truck for a period beginning 30 days prior to, up to and including, the date of this incident.

10

Unofficial Copy

**RESPONSE:**

**REQUEST NO. 61:** Black Box and all information contained therein (reduced to print form) for this truck beginning 30 days prior, up to and including, this incident.
**RESPONSE:**

**REQUEST NO. 62:** DDEC unit and all information contained therein (reduced to print form) for this truck beginning 30 days prior to, up to and including, this incident.

**RESPONSE:**

**REQUEST NO. 63:** All Maintenance records on this vehicle.

**RESPONSE:**

**REQUEST NO. 64:** Dispatcher's report and log for this truck and driver for a period beginning 30 days prior to, up to and including, the date of this incident.

**RESPONSE:**

**REQUEST NO. 65:** Your entire claim file pertaining to any investigation of the occurrences made the basis of this case which were taken prior to your notice of Plaintiff's claim hereon.

**RESPONSE:**

**PURSUANT TO TEX. R. EVID. 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS LAWSUIT.**

## REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## WITHIN 30 DAYS OF SERVICE

Privilege Log: If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered. Specifically do the following:
    (a) Detail the privilege asserted;
    (b) The title of the document(s) upon which the privilege is asserted;
    (c) The General substance of the document(s) upon which you claim there is a privilege;
    (d) Identify the location and custodian of the document(s)
    (e) Brief Description why, in your view, the privilege shields the document from discovery;
    (f) Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

Unofficial Copy

IN THE _____ JUDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ALONDRA GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2020-DCV-_____ |
| | § | |
| AMANDEEP SINGH, and | § | |
| MANILA EXPRESS, | § | |
| | § | |
| Defendants. | § | |

## REQUEST FOR ADMISSIONS

TO:   **MANILA EXPRESS**

Pursuant to the Texas Rule of Civil Procedure 198, you are required to make a written response to these requests **FIFTY-ONE (51) DAYS** after service:

(1)    Admit the truth of any matter within the scope of discovery.

(2)    Admit the truth of any statements of opinion or of fact or of application of law to fact.

(3)    Admit the genuineness of any documents served with this request or otherwise made available for inspection or copying.

(4)    Admit or deny each of the attached requests for admissions.

**You are also instructed as follows:**

(1)    Unless you state an objection or assert a privilege, you must specifically admit or deny the request or explain in detail the reasons that you cannot admit or deny the request.

(2)    Your response must fairly meet the substance of the request.

(3)    You may qualify an answer, or deny a request in part, only when good faith requires.

1

Unofficial Copy

(4)     Lack of information or knowledge is not a proper response unless you state that a
reasonable inquiry was made but that the information or known or easily obtainable
is insufficient to enable the responding party to admit or deny.

(5)     An assertion that the request presents an issue for trial is not a proper response.

(6)     You are reminded that if you fail to timely respond, the request is considered admitted
without the necessity of a court order.

(7)     If you deny a request for admission and the Plaintiff proves the truth of such
matter you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

(8)     Your failure to respond as required by the Texas Rules of Civil Procedure to
these requests within the time required may result in the imposition of sanctions.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above
information that exists in electronic or magnetic data.

You are hereby put on notice that Pursuant to Rule 193.2(e), an objection that is not
made within the time required, or that is **obscured by numerous unfounded objections** is
waived unless the court excuses the waiver for good cause shown.

Respectfully submitted,

**VICTOR J. BIEGANOWSKI, P.C.**

By:

**VICTOR J. BIEGANOWSKI**
State Bar No. 02301100
801 Myrtle Ave., Ste. 100
El Paso, Texas 79901
T: (915) 264-1800
F: (915) 759-4007
vbieganowski@vjblaw.net
*Attorney for Plaintiff, Alondra Garcia*

2

Unofficial Copy

## REQUEST FOR ADMISSIONS

**ADMISSION NO. 1:** Admit or Deny that on or about June 11, 2018, you were aware that Defendant, SINGH was involved in a motor vehicle incident.

**ANSWER:**

**ADMISSION NO. 2:** Admit or Deny that on or about June 11, 2018, you were the owner of the vehicle involved in this collision that was driven by Defendant, SINGH.

**ANSWER:**

**ADMISSION NO. 3:** Admit or Deny that on or about June 11, 2018, and at the time of the collision made the basis of this suit, you entrusted your vehicle to Defendant, SINGH.

**ANSWER:**

**ADMISSION NO. 4:** Admit or Deny that on or about June 11, 2018, and at the time of the collision made the basis of this suit that Plaintiff's conduct did not contribute to this incident.

**ANSWER:**

**ADMISSION NO. 5:** Admit or Deny that Plaintiff properly named Defendant MANILA EXPRESS in Plaintiff's Original Petition.

**ANSWER:**

**ADMISSION NO. 6:** Admit or Deny that on the date of the collision, Defendant SINGH had a valid driver's license.

**ANSWER:**

**ADMISSION NO. 7:** Admit or Deny that Defendant, SINGH, had your permission to operate your vehicle involved in this incident.

**ANSWER:**

**ADMISSION NO. 8:** Admit or Deny that Defendant, SINGH was in the course and scope of your employment at the time of this incident.

**ANSWER:**

**ADMISSION NO. 9:** Admit or Deny that you are a proper party.

**ANSWER:**

3

**ADMISSION NO. 10:** Admit or Deny that the Court has subject matter and personal jurisdiction over you.

**ANSWER:**

**ADMISSION NO. 11:** Admit or Deny that venue is proper in El Paso County, Texas.

**ANSWER:**

**ADMISSION NO. 12:** Admit or Deny that you were properly served with process.

**ANSWER:**

**ADMISSION NO. 13:** Admit or Deny that all allegations in Plaintiff's petition are factually correct.

**ANSWER:**

**ADMISSION NO. 14:** Admit or Deny that Plaintiff is a member of the public.

**ANSWER:**

**ADMISSION NO. 15:** Admit or Deny that on June 11, 2018, Defendant, SINGH was an agent of MANILA.

**ANSWER:**

**ADMISSION NO. 16:** Admit or Deny that on June 11, 2018, SINGH was an employee of MANILA.

**ANSWER:**

**ADMISSION NO. 17:** Admit or Deny that on June 11, 2018, SINGH was operating the vehicle as trained by MANILA.

**ANSWER:**

**ADMISSION NO. 18:** Admit or Deny that on June 11, 2018, SINGH was not operating the vehicle as trained by MANILA.

**ANSWER:**

**ADMISSION NO. 19:** Admit or Deny that the person answering these questions has authority from MANILA to do so.

**ANSWER:**

Unofficial Copy

Filed on March 25, 2020
10:18 A.M.
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Gonzalez, Jazmine

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **MANILA EXPRESS,** who may be served with process by serving the **Texas Secretary of State** at **1019 BRAZOS ST., AUSTIN, TX 78701** who shall then forward a copy of this petition upon Defendant **MANILA EXPRESS** at **5156 W. BROWN, FRESNO CITY, CA 93722** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 23rd day of March, 2020, by Attorney at Law, VICTOR J. BIEGANOWSKI, 801 MYRTLE AVE. STE. 100, EL PASO, TX 79901 in this case numbered **2020DCV1103** on the docket of said court, and styled:

**ALONDRA GARCIA**
**VS**
**AMANDEEP SINGH AND MANILA EXPRESS**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Admissions, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, Request for Production of Documents and Things to Defendant and Privilege Log,** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 25th day of March, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____, Deputy
Jazmine Gonzalez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Request for Admissions, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, Request for Production of Documents and Things to Defendant and Privilege Log**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|---|---|---|---|---|---|---|---|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

Filed on March 25, 2020
10:18 A.M.
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Gonzalez, Jazmine

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **AMANDEEP SINGH,** who may be served with process by serving the **Texas Secretary of State** at **1019 BRAZOS ST., AUSTIN, TX 78701** who shall then forward a copy of this petition upon Defendant **SINGH** at **3165 W. SHIELDS, FRESNO, CA 93722** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 3,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 23rd day of March, 2020, by Attorney at Law, VICTOR J. BIEGANOWSKI, 801 MYRTLE AVE. STE. 100, EL PASO, TX 79901 in this case numbered **2020DCV1103** on the docket of said court, and styled:

**ALONDRA GARCIA**
**VS**
**AMANDEEP SINGH AND MANILA EXPRESS**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Request for Admissions, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, Request for Production of Documents and Things to Defendant and Privilege Log,** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 25th day of March, 2020

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901



Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By _____, Deputy
Jazmine Gonzalez

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Request for Admissions, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, Request for Production of Documents and Things to Defendant and Privilege Log**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ___.M. | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING _____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20_____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**